IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PAM BROOKS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00118-M-BP |
| § | |
| WEHNER FAMILY MULTIFAMILY, § | |
| LLC, § | |
| § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* case was automatically assigned to the United States Magistrate Judge for judicial screening under *Special Order 3-251*. By Order dated August 2, 2018 (ECF No. 13), the case was transferred to the Wichita Falls Division. Pending before the Court is the Second Notice of Deficiency and Order dated August 10, 2018 (ECF No. 16). After consideration of the pleadings and the applicable law, the undersigned recommends that Chief United States District Judge Barbara M. G. Lynn **DISMISS** without prejudice Plaintiff's Complaint for failure to prosecute this case and obey orders of the Court.

On May 22, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered a Notice of Deficiency. (ECF No. 7). The notice explained that the Court could not decide the appropriateness of *in forma pauperis* status because Plaintiff's original application (ECF No. 5) was incomplete and lacked information. (ECF No. 7 at 1). At that time, Judge Ramirez warned Plaintiff that "[f]ailure to comply with [the] order may result in the dismissal of [this] suit under Federal Rule of Civil Procedure 41(b)." (*Id.*). Plaintiff failed to file a fully completed application to proceed *in forma pauperis*.

On August 10, 2018, the undersigned entered a Second Notice of Deficiency and Order that directed Plaintiff to pay the filing and administrative fees or file a completed *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*. (ECF No. 16). The Order required Plaintiff to submit a fully completed and signed application to proceed *in forma pauperis* by August 24, 2018. The undersigned also cautioned her that "[f]ailure to comply with [the] order may result in the dismissal of [this] suit under Federal Rule of Civil Procedure 41(b)." (*Id.*). Plaintiff failed to comply with the Court's Order.

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow the court's orders. This authority flows from the court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Plaintiff has failed to comply with the Court's orders. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although Plaintiff has failed to comply with the Court's orders, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to follow the Court's orders, unless Plaintiff files a completed and signed *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)* within the time for objecting to this Findings, Conclusions, and Recommendation, or some other deadline set by the Court.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed August 29, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE